1   SCOTT B. COHEN, SBA #014377
    SCOTT W. HULBERT, SBA #021830
2   **ENGELMAN BERGER, P.C.**
    3636 NORTH CENTRAL AVENUE, SUITE 700
3   PHOENIX, ARIZONA 85012
    _____
4   Ph: (602) 271-9090
    Fax: (602) 222-4999
    Email: sbc@engelmanberger.com
5   Email: swh@engelmanberger.com
    _____
6   Attorneys for Plaintiff Arizona Bank & Trust

7   MICHAEL P. LANE, SBA #007435
    ALLISON M. LAURITSON, SBA #022185
8   **LANE & NACH, P.C.**
    2025 NORTH THIRD STREET
9   THE BROOKSTONE – SUITE 157
    PHOENIX, ARIZONA 85004
10  _____
    Ph: (602) 258-6000
11  Fax: (602) 258-6003
    Email: michael.lane@lane-nach.com
    Email: allison.lauritson@lane-nach.com
12  _____
13  Attorneys for Plaintiff Dale D. Ulrich, Trustee

14          **IN THE UNITED STATES BANKRUPTCY COURT**
                **FOR THE DISTRICT OF ARIZONA**
15

16  In re:

17  SOUTHWEST CHARTER LINES, INC.,        Case No. 2:08-06252-RJH
    an Arizona corporation,
18                                         Chapter 7
           Debtor.
19

20  _____

21  ARIZONA BANK AND TRUST, an            Adversary No. 2-10-ap-687
    Arizona corporation; DALE D.
22  ULRICH, Chapter 7 Trustee,

23          Plaintiffs,                    **COMPLAINT FOR ALTER EGO,
                                           SUCCESSOR LIABILITY,
24  v.                                     TURNOVER, TO AVOID AND
                                           RECOVER FRAUDULENT
25  SOUTHWEST CHARTER LINES,               TRANSFERS AND FRAUDULENT
    INC., an Arizona corporation;          CONVEYANCES, TO AVOID POST
26  SOUTHWEST EQUIPMENT                    PETITION TRANSFERS OF ASSETS
    SOLUTIONS, LLC, an Arizona limited     OF THE BANKRUPTCY ESTATE
27  liability company; GOLDEN              AND CONVERSION**
    EQUIPMENT CORP, an Arizona

corporation; MARK PIKE; DAVID PIKE; WILBUR DAVIS; and WILBUR DAVIS dba WILBUR SPORTSWEAR, an Arizona sole proprietorship,

Defendants.

**AND**

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C §105 AND F.R.B.P. RULE 7065**

Plaintiffs, Dale D. Ulrich, the duly-appointed Chapter 7 Trustee, and Arizona Bank & Trust, a creditor in the above-captioned bankruptcy case, (collectively, "Plaintiffs"), for their Complaint alleges as follows:

### Nature of the Action

1.     This is an adversary proceeding brought in the above-captioned bankruptcy case pursuant to Part VII of the Bankruptcy Rules seeking to avoid certain fraudulent transfers and/or fraudulent conveyances, post petition transfers made by the above-captioned Debtor to Southwest Equipment Solutions, LLC ("Southwest Equipment"), Golden Equipment Corp. ("Golden Equipment"), Mark Pike, David Pike, Wilbur Davis ("Davis") and Wilbur Sportswear; seeking to turnover of the business operations and assets wrongfully transferred to and through the Defendants; and seeking to impose a temporary restraining order and preliminary injunction to prohibit the transfer and/or dissipation of assets of the Estate, pursuant to 11 U.S.C. §§ 105, 542, 544, 548, 549, 550 and 551 and A.R.S. §§44-1004 et seq..

### Jurisdiction and Venue

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3.     This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(E) and (H).

5.     Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

**The Parties**

6.     Dale D. Ulrich at all times mentioned herein, has been the duly-appointed Chapter 7 Trustee ("Trustee") in the Chapter 7 bankruptcy case.

7.     Arizona Bank & Trust ("AZBT") at all times mentioned herein has been a community bank and an Arizona corporation with its principal place of business in Maricopa County, Arizona.

8.     Defendant Southwest Charter Lines, Inc., Debtor herein ("Southwest Charter"), is an Arizona corporation with its principal place of business in Maricopa County, Arizona.

9.     Defendant Southwest Equipment Solutions, LLC, ("Southwest Equipment") is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

10.    Defendant Golden Equipment Corp, ("Golden Equipment") is an Arizona corporation with its principal place of business in Maricopa County, Arizona.

11.    Defendant Wilbur Sportswear is a sole proprietorship with its principal place of business in Maricopa County, Arizona.

12.    Upon information and belief, Defendant Mark Pike ("Mark Pike") is a resident of the State of Arizona.

13.    Upon information and belief, Defendant David Pike ("David Pike") is a resident of the State of Arizona.

14.    Upon information and belief, Defendant Wilbur Davis ("Davis") is a resident of the State of Arizona.

15.    Southwest Equipment, Golden Equipment, Wilbur Sportswear, Pike, David Pike  and Davis are collectively referred to herein as the "Defendants."

## ALLEGATIONS COMMON TO ALL COUNTS

### The Business Operations of Southwest Charter

16.    Southwest Charter was incorporated on May 7, 1986.

17.    Mark Pike is or was the President and CEO of Southwest Charter.

18.    David Pike is or was an employee of Southwest Charter (collectively with Mark Pike,

3

the "Pikes").

19.     Southwest Charter is or was previously operating the following business lines:

    A.     Charter and school bus transportation;

    B.     Equipment rental;

    C.     Modular building rental;

    D.     Container rental;

    E.     Modular building construction; and

    F.     Modular building transportation.

20.     As of August 2009, Southwest Charter owned the following tangible assets:

    A.     Nine charter coaches;

    B.     Eleven school buses;

    C.     Forty-two trucks;

    D.     Fifteen trailers; and

    E.     Thirteen modular buildings.

**AZBT's loans to Southwest Charter**

21.     AZBT made a series of loans ("Loans") to Southwest Charter beginning in 2004.

22.     On or about August 16, 2005, Damark Investments, another company operated by the Mark Pike and David Pike, entered into a Construction Loan Agreement ("Construction Loan") with AZBT.

23.     On or about February 3, 2004, Mark Pike executed a Commercial Guaranty ("Pike Guaranty"), whereby, among other things, he guaranteed the repayment of all of Southwest Charter's indebtedness to AZBT.

24.     On or about August 16, 2005, Southwest Charter executed a Commercial Guaranty ("Southwest Charter Guaranty"), whereby, among other things, Southwest Charter guaranteed the repayment of all the indebtedness of Damark Investments (Mark Pike and Southwest Charter may collectively be referred to as the "Guarantors").

25.     As of July 31, 2007, various defaults had occurred and were continuing to occur under

4

the Loans, including, but not limited to, the following (the "Identified Defaults"): (i) failure to provide AZBT with timely, accurate and complete financial information; (ii) failure to make timely and sufficient payments when they became due and owing under the Loans; (iii) defaults under loan, security, and/or purchase and sale agreements, in favor of other creditors, affecting the Borrowers' property, AZBT's collateral, and the Borrowers' ability to repay their obligations; (iv) material adverse changes in the Borrowers' financial conditions; and (v) AZBT, in good faith, deemed itself insecure.

26.     The Borrowers defaulted on their respective obligations under the terms of the Loans and failed to satisfy their obligations under the Loans and subsequent Forbearance Agreement with AZBT.

### Southwest Charter's Bankruptcy

27.     On May 29, 2008 ("Petition Date"), Southwest Charter filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, District of Arizona, Case No. 2:08-bk-06252-RJH, which case converted to Chapter 7 on September 21, 2009.

28.     Pursuant to 1107(a) and 1108 of the Bankruptcy Code, Southwest Charter remained in operation of its business as a debtor-in-possession until conversion of the case to Chapter 7 on September 21, 2009 ("Conversion Date").

29.     As of the date of this Complaint, Southwest Charter's Chapter 7 case is still pending.

### The Business Operations of Southwest Equipment

30.     The Arizona Corporation Commission authorized Southwest Equipment to begin conducting business on November 18, 2005.

31.     The Pikes are the only members of Southwest Equipment.

32.     Except for charter and school bus transportation, Southwest Equipment has or had the same business lines as Southwest Charter.

33.     Southwest Equipment utilizes or utilized Southwest Charter's office space.

34.     Southwest Equipment does not or did not pay rent to Southwest Charter.

35. Southwest Equipment does not or did not have any employees.

36. Southwest Equipment utilizes or utilized Southwest Charter's employees.

37. Southwest Equipment does not or did not pay to use Southwest Charter's employees.

38. Southwest Equipment utilizes or utilized Southwest Charter's phone and fax lines.

39. Southwest Equipment does not or did not pay to use Southwest Charter's phone or fax lines.

40. Southwest Equipment utilizes or utilized Southwest Charter's office furniture, fixtures, and equipment.

41. Southwest Equipment does not or did not pay to use Southwest Charter's office furniture, fixtures, and equipment.

42. Southwest Charter owned the equipment and other assets, which Southwest Equipment rents or rented to third parties.

43. Southwest Equipment does not or did not pay to use the equipment and other assets of Southwest Charter.

44. Southwest Charter transferred approximately $3 million worth of its own business, including contracts, to Southwest Equipment.

45. Upon information and belief, Southwest Charter began making the referenced transfers to Southwest Equipment only after it realized that it was insolvent and might file for bankruptcy.

46. The contracts that Southwest Charter transferred to Southwest Equipment were for its profitable business lines including:

    A. Equipment rental;

    B. Modular building rental;

    C. Container rental;

    D. Modular building construction; and

    E. Modular building transportation.

47. Upon information and belief, Southwest Charter transferred all of its profitable business lines to Southwest Equipment.

6

48.     Upon information and belief, Southwest Charter began making the referenced transfers to Southwest Equipment only after it realized that it was insolvent and might file for bankruptcy.

49.     The only business line that remained with Southwest Charter was charter and school bus transportation, which was not profitable.

50.     Upon information and belief, Southwest Charter transferred not less than $76,260 to Southwest Equipment prior to the commencement of the bankruptcy case.

51.     Upon information and belief, the pre-petition and post petition transfer of assets by Southwest Charter to Southwest Equipment was a scheme or artifice to avoid remitting payment of outstanding obligations owed to Southwest Charter's creditors, including AZBT.

**The Business Operations of Golden Equipment**

52.     The Arizona Corporation Commission authorized Golden Equipment to begin conducting business on August 21, 2009.

53.     Wilbur Davis is the sole shareholder of Golden Equipment.

54.     Mark Pike is a director and employee of Golden Equipment.

55.     David Pike is an employee of Golden Equipment and his duties include bidding on government contracts.

56.     Except for charter and school bus transportation, Golden Equipment has the same business lines as Southwest Charter.

57.     Golden Equipment has or had the same business lines as Southwest Equipment.

58.     Golden Equipment employs or employed at least some of the employees who were previously employed by Southwest Charter, including Mark Pike, David Pike, Connie Frost, Wilbur Davis and Terry Lievens.

59.     Golden Equipment utilizes or utilized some, if not all, of Southwest Charter's and/or Southwest Equipment's office furniture, fixtures, and equipment.

60.     Golden Equipment does not or did not pay to use Southwest Charter's and/or Southwest Equipment's office furniture, fixtures, and equipment.

61.     Southwest Charter owns or owned at least some of the equipment and other assets,

7

which Golden Equipment rents or rented to third parties.

62.     Golden Equipment does not or did not pay to use the equipment and other assets of Southwest Charter.

63.     Southwest Charter and/or Southwest Equipment transferred millions of dollars worth of its business to Golden Equipment.

64.     Upon information and belief, the above-referenced transfers to Golden Equipment were done with the intent to divert business assets from the Chapter 7 Estate.

65.     Upon information and belief, Southwest Equipment transferred not less than $155,500 to Golden Equipment from September, 2009 to January, 2010.

66.     Upon information and belief, Wilbur Sportswear transferred not less than $56,000 to Golden Equipment from September, 2009 to January, 2010.

67.     Upon information and belief, the post petition transfer of funds by Southwest Charter, Southwest Equipment and Wilbur Sportswear to Golden Equipment was a scheme or artifice to avoid remitting payment of outstanding obligations owed to Southwest Charter's creditors, including AZBT.

**The Business Operations of Wilbur Sportswear**

68.     Wilbur Sportswear is a sole proprietorship which registered its trade name with the Arizona Corporation Commission on October 31, 2006.

69.     Wilbur Davis is the sole owner of Wilbur Sportswear.

70.     Upon information and belief, Southwest Charter transferred not less than $19,599 to Wilbur Davis and/or Wilbur Sportswear after the Petition Date.

71.     Upon information and belief, Southwest Equipment transferred not less than $655,000 to Wilbur Davis and/or Wilbur Sportswear after the Conversion Date, from August, 2009 to January, 2010.

72.     Upon information and belief, Golden Equipment transferred not less than $152,000 to Wilbur Davis and/or Wilbur Sportswear after the Conversion Date, from September, 2009 to January, 2010.

73.     Upon information and belief, Wilbur Davis and/or Wilbur Sportswear transferred not less than $35,000 to Golden Equipment after the Conversion Date.

74.     Upon information and belief, Wilbur Sportswear sold athletic equipment and/or athletic clothing.

75.     Upon information and belief, from August, 2009 to January, 2010, Wilbur Sportswear paid bills unrelated to a sportswear business and more similar to a charter lines business, including, but not limited to, the following:

        A.  Tire expenses;

        B.  Contracted labor for employees who worked for Southwest Charter, Southwest Equipment and/or Golden Equipment;

        C.  Repairs and maintenance expenses;

        D.  Rental expenses to companies like CPR Transportation;

        E.  Construction expenses for constructing containers; and

        F.  Legal fees for Southwest Charter and/or Golden Equipment in November, 2009.

76.     Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear took the above-mentioned actions as a scheme or artifice to avoid remitting payment of outstanding obligations owed to Southwest Charter's creditors, including AZBT.

## COUNT ONE
### (Alter Ego)

77.     Plaintiffs hereby repeat and reallege the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

78.     Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear have disregarded the corporate form to perpetrate a fraud upon Southwest Charter's creditors, including AZBT.

79.     Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear have disregarded corporate formalities in such a way as to allow Southwest Equipment, Golden Equipment and Wilbur Sportswear to be shields against the debts of Southwest Charter.

80.     Southwest Equipment, Golden Equipment and Wilbur Sportswear all have no corporate assets or are severely undercapitalized.

81.     Upon information and belief, Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear commingled funds, and/or failed to segregate funds properly.

82.     Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear should not be afforded legal protection pursuant to the corporate structures or forms relative to the liabilities, which are the subject of this Complaint.

83.     The financial set ups of Southwest Equipment, Golden Equipment and Wilbur Sportswear are each a sham used solely for the purpose of defrauding creditors of Southwest Charter, including AZBT.

84.     It would be inequitable and would perpetrate an injustice upon creditors of Southwest Charter not to disregard the corporate or separate entities of Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear.

85.     Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear are the mere instrumentalities and alter egos of one another.

86.     Southwest Equipment, Golden Equipment and Wilbur Sportswear are liable for debts of Southwest Charter.

87.     Southwest Equipment, Golden Equipment and Wilbur Sportswear are liable for the judgment obtained by AZBT against Southwest Charter.

**WHEREFORE**, Plaintiffs pray for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A.  For an Order declaring that the entities Southwest Equipment, Golden Equipment and Wilbur Sportswear are the alter egos of Southwest Charter and that the entities' business operations are property of the bankruptcy Estate pursuant to 11 U.S.C. §541;

B.  For Plaintiffs' attorneys' fees and costs incurred herein;

C.  For interest thereon at the highest rate allowable by law until paid in full; and

D.  For such other and further relief as the Court deems just and proper.

10

## COUNT TWO
### (Turnover – 11 U.S.C. §§541 & 542)

88.      Plaintiffs hereby repeat and reallege the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

89.      On May 29, 2008, Southwest Charter filed the Chapter 11 petition, which case converted to Chapter 7 on September 21, 2009.

90.      Upon the commencement of the bankruptcy case, the business operations and all assets of Southwest Charter became property of the bankruptcy Estate pursuant to 11 U.S.C. §541.

91.      Upon information and belief, the business operations and all assets of Southwest Equipment, Golden Equipment and Wilbur Sportswear are assets of the bankruptcy Estate.

92.      The assets of Southwest Equipment, Golden Equipment and Wilbur Sportswear, and all revenue and profits from the business operations thereof, should be turned over to the Trustee as property of the Estate pursuant to 11 U.S.C. §542.

93.      Pursuant to 11 U.S.C. §§542 and 550, Trustee is entitled to an Order of this Court requiring Southwest Equipment, Golden Equipment and Wilbur Sportswear to turnover control of all business operations, assets and revenue, to Trustee.

94.       To the extent the assets and/or funds turned over to the Trustee are AZBT's collateral, those assets and/or funds will be held by the Trustee subject to AZBT's lien.

**WHEREFORE**, Plaintiffs pray for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A. For an Order declaring that the entities Southwest Equipment, Golden Equipment and Wilbur Sportswear are the alter egos of Southwest Charter and that the entities' business operations are property of the bankruptcy Estate pursuant to 11 U.S.C. §541;

B. For an Order directing that control of the business operations of Southwest Equipment, Golden Equipment and Wilbur Sportswear be turned over to the Trustee as property of the Estate pursuant to 11 U.S.C. §542;

C. For interest thereon at the highest rate allowable by law until paid in full; and

11

Case 2:10-ap-00687-RJH    Doc 1    Filed 04/14/10    Entered 04/14/10 16:30:08    Desc
Main Document    Page 11 of 21

1    D. For such other and further relief as the Court deems just and proper.

2

3                                    **COUNT THREE**
                                 **(Successor Liability)**

4        95.    Plaintiffs hereby repeat and reallege the allegations set forth in the foregoing

5    paragraphs, and incorporate them as though fully set forth herein.

6        96.    Southwest Equipment, Golden Equipment and Wilbur Sportswear are each and

7    together mere continuations or reincarnations of Southwest Charter.

8        97.    Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear

9    have substantially the same ownership and control.

10       98.    Southwest Equipment, Golden Equipment and Wilbur Sportswear did not give fair and

11   sufficient consideration for the acquisition of Southwest Charter's assets.

12       99.    Southwest Equipment did not give fair and sufficient consideration for the use of the

13   office space, employees, furniture, equipment, or assets of Southwest Charter.

14       100.   Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear

15   have each acted with the actual intent to hinder, delay, or defraud the creditors of Southwest Charter.

16       101.   By reason of the foregoing, Southwest Equipment, Golden Equipment and Wilbur

17   Sportswear are the successors to all of Southwest Charter's debts and liabilities, including its

18   indebtedness to AZBT.

19       **WHEREFORE**, Plaintiffs pray for judgment against Southwest Equipment, Golden

20   Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

21       A. For an Order declaring that the entities Southwest Equipment, Golden Equipment and

22          Wilbur Sportswear are liable for the debts of Southwest Charter, including the debt owed

23          to AZBT;

24       B. For Plaintiffs' attorneys' fees and costs incurred herein;

25       C. For interest thereon at the highest rate allowable by law until paid in full; and

26       D. For such other and further relief as the Court deems just and proper.

27

## COUNT FOUR
### (Fraudulent Transfers – 11 U.S.C. §§548(a)(1)(A) & 550)

102.    Trustee hereby repeats and realleges the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

103.    Upon information and belief, the above-referenced transfer of assets, contracts and funds to Southwest Equipment occurred within two years prior to the petition date.

104.    Upon information and belief, the transfer of assets, contracts and funds to Southwest Equipment was done with the actual intent to hinder, delay or defraud Southwest Charter's creditors.

105.    Said transfers are avoidable by the Trustee pursuant to 11 U.S.C. §548 and Trustee may pursue the value of the assets transferred from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550.

106.    To the extent the assets and/or funds recovered by the Trustee are AZBT's collateral, those assets and/or funds will be held by the Trustee subject to AZBT's lien.

**WHEREFORE**, Trustee prays for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A. For an Order avoiding the transfers of assets of Southwest Charter to Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §548;

B. For an Order declaring that the Trustee may recover the funds and the value of the assets of Southwest Charter transferred directly from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550;

C. For interest thereon at the highest rate allowable by law until paid in full; and

D. For such other and further relief as the Court deems just and proper.

## COUNT FIVE
### (Fraudulent Transfers – 11 U.S.C. §§548(a)(1)(B) & 550)

107.    Trustee hereby repeats and realleges the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

108.     Upon information and belief, the above-referenced transfer of assets, contracts and funds to Southwest Equipment occurred within two years prior to the petition date.

109.     Upon information and belief, Southwest Charter did not receive reasonably equivalent value for the transfer of assets, contracts and funds to Southwest Equipment, which transfers were made while Southwest Charter was insolvent, or Southwest Charter became insolvent as a result of the transfers.

110.     Said transfers are avoidable by the Trustee pursuant to 11 U.S.C. §548 Trustee may pursue the value of the assets transferred from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550.

111.     To the extent the assets and/or funds recovered by the Trustee are AZBT's collateral, those assets and/or funds will be held by the Trustee subject to AZBT's lien.

**WHEREFORE**, Trustee prays for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A.  For an Order avoiding the transfers of assets of Southwest Charter to Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §548;

B.  For an Order declaring that the Trustee may recover the funds and the value of the assets of Southwest Charter transferred directly from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550;

C.  For interest thereon at the highest rate allowable by law until paid in full; and

D.  For such other and further relief as the Court deems just and proper.

## COUNT SIX
### (Fraudulent Conveyance – 11 U.S.C. §544/A.R.S. §44-1004)

112.     Plaintiffs hereby repeat and reallege the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

113.     At all times relevant hereto, Southwest Charter was insolvent.

114.     Upon information and belief, Southwest Equipment, Golden Equipment

Case 2:10-ap-00687-RJH    Doc 1    Filed 04/14/10    Entered 04/14/10 16:30:08    Desc
Main Document      Page 14 of 21

and Wilbur Sportswear did not give fair and sufficient consideration for the acquisition of Southwest Charter's assets.

115. Upon information and belief, Southwest Equipment, Golden Equipment and Wilbur Sportswear did not give fair and sufficient consideration for the use of the office space, employees, furniture, equipment or assets of Southwest Charter.

116. Upon information and belief, Southwest Charter, Southwest Equipment, Golden Equipment and Wilbur Sportswear have all acted with the actual intent to hinder, delay, or defraud the creditors of Southwest Charter, including AZBT.

117. Upon information and belief, at the time of the above-referenced transfers, Southwest Charter was either engaged or was about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction.

118. Upon information and belief, at the time of the above-referenced transfers, Southwest Charter intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

119. As a result of the actions of Southwest Charter, Southwest Equipment, Golden Equipment, and Wilbur Sportswear, the Estate and AZBT were damaged.

120. Said transfers are avoidable by AZBT pursuant to A.R.S. §44-1004 *et. seq.*

121. Said transfers are avoidable by the Trustee pursuant to 11 U.S.C. §544 and Trustee may pursue the value of the assets transferred from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550.

122. To the extent the assets and/or funds recovered by the Trustee are AZBT's collateral, those assets and/or funds will be held by the Trustee subject to AZBT's lien.

**WHEREFORE**, Plaintiffs pray for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A. For an Order avoiding the transfers of assets of Southwest Charter to Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §544 and A.R.S. §44-1004 *et. seq.*;

B. For an Order declaring that the Trustee may recover the funds and the value of the assets of Southwest Charter transferred directly from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550;

C. For interest thereon at the highest rate allowable by law until paid in full; and

D. For such other and further relief as the Court deems just and proper.

## COUNT SEVEN
### (Avoidance of Post Petition Transfers – 11 U.S.C. §549 & §550)

123.    Trustee hereby repeats and realleges the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

124.    After the Petition Date, Southwest Charter and/or Southwest Equipment transferred funds, assets and contracts to Southwest Equipment, Golden Equipment and/or Wilbur Sportswear.

125.    At no time prior to transferring funds, assets and contracts did Southwest Charter and/or Southwest Equipment, Golden Equipment or Wilbur Sportswear request or obtain authority from the Court to transfer the funds, assets and contracts.

126.    Upon information and belief, at all times relevant, the funds, assets and contracts transferred to Southwest Equipment, Golden Equipment and Wilbur Sportswear, and each of them, are property of this Estate.

127.    Pursuant to 11 U.S.C. §549(a)(1), the Trustee may avoid a transfer of property of the Estate that occurs after the commencement of the case and that is not authorized by the Bankruptcy Court.

128.    Pursuant to 11 U.S.C. §550(a)(1), upon avoidance of the transfer, the Trustee may recover from Southwest Equipment, Golden Equipment and Wilbur Sportswear, and each of them, for the benefit of the bankruptcy Estate, the actual amount of funds transferred and the value of the assets transferred by Southwest Charter.

129.    To the extent the assets and/or funds recovered by the Trustee are AZBT's

collateral, those assets and/or funds will be held by the Trustee subject to AZBT's lien.

**WHEREFORE**, Trustee prays for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A.  For an Order avoiding the transfers of assets of Southwest Charter to Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §549;

B.  For an Order declaring that the Trustee may recover the funds and the value of the assets of Southwest Charter transferred directly from Southwest Equipment, Golden Equipment and Wilbur Sportswear pursuant to 11 U.S.C. §550;

C.  For interest thereon at the highest rate allowable by law until paid in full; and

D.  For such other and further relief as the Court deems just and proper.

## COUNT EIGHT
### (Conversion)

130.    Plaintiffs hereby repeat and reallege the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

131.    At all times material hereto, AZBT had a valid and enforceable security interest in the assets of Southwest Charter.

132.    Southwest Equipment, Golden Equipment and Wilbur Sportswear have intentionally exercised dominion and control over Southwest Charter's assets.

133.    Southwest Equipment's, Golden Equipment's and Wilbur Sportswear's actions have been in denial of and inconsistent with Trustee's right to the immediate possession of the assets of Southwest Charter.

134.    Southwest Equipment, Golden Equipment and Wilbur Sportswear acted with the intent to harm the Estate.

135.    Southwest Equipment, Golden Equipment and Wilbur Sportswear recognized or should have recognized that their actions were likely to harm the creditors of the Estate.

136.    The actions of Southwest Equipment, Golden Equipment and Wilbur Sportswear, as set forth herein, were willful and knowing, and conducted with an evil hand, and with the intent to

injure AZBT and other creditors of the Estate, and/or deliberately interfere with the rights of AZBT and other creditors of the Estate, consciously disregarding the unjustifiably substantial risk of significant harm to AZBT and other creditors of the Estate.

137. The Plaintiffs are entitled to punitive damages in an amount to be determined at trial and sufficient to punish Southwest Equipment, Golden Equipment and Wilbur Sportswear for its actions.

**WHEREFORE**, Plaintiffs pray for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A. For punitive damages in an amount proven at trial sufficient to punish Southwest Equipment, Golden Equipment and Wilbur Sportswear for their wrongful actions;

B. For interest thereon at the highest rate allowable by law, until paid in full;

C. For Plaintiffs' attorneys' fees and costs incurred herein;

D. For interest thereon at the highest rate allowable by law until paid in full; and

E. For such other and further relief as the Court deems just and proper.

## COUNT NINE
### (Temporary Restraining Order & Preliminary Injunction
### 11 U.S.C. §105 & F.R.B.P. Rule 7065)

138. Plaintiffs hereby repeat and reallege the allegations set forth in the foregoing paragraphs, and incorporate them as though fully set forth herein.

139. Prior to and after the Petition Date, Southwest Charter transferred and conveyed funds, assets and contracts to Southwest Equipment, Golden Equipment and Wilbur Sportswear.

140. At no time prior to transferring funds, assets and contracts did Southwest Charter and/or Southwest Equipment, Golden Equipment or Wilbur Sportswear request or obtain authority from the Court to transfer the funds, assets and contracts.

141. Southwest Equipment, Golden Equipment and Wilbur Sportswear have failed to compensate the Estate for the transfer and use of the Estate's assets.

142. Southwest Equipment, Golden Equipment and Wilbur Sportswear have continued

operating under the Estate's contracts and have continued using and benefitting from assets of the Estate.

143.    AZBT has a security interest in some of the assets and funds transferred pursuant to the Loans.

144.    Plaintiffs are entitled to a temporary restraining order and preliminary injunction pursuant to 11 U.S.C. §105 and F.R.B.P. Rule 7065, to prevent Southwest Equipment, Golden Equipment and Wilbur Sportswear from using, benefitting from, dissipating and/or transferring assets of the Estate and/or of AZBT and to place the business operations of the Debtor and its unlawful successors in the hands of the Trustee.

145.    Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction ("Application") is supported by a contemporaneously filed Memorandum in Support of the Application ("Memorandum") as well as an Affidavit and testimony attached as exhibits to the Memorandum.

**WHEREFORE**, Plaintiffs pray for judgment against Southwest Equipment, Golden Equipment, Mark Pike, David Pike, Wilbur Davis and Wilbur Sportswear as follows:

A.  For an Order restraining Southwest Equipment, Golden Equipment, Mark Pike, Wilbur Davis and Wilbur Sportswear from causing further waste, theft and vandalism of property of the Estate and assets and/or from removing, secreting or otherwise disposing of the property and assets to the injury of the bankruptcy Estate and AZBT, pending hearing on the request for preliminary injunction;

B.  For an Order for a preliminary injunction mandating turnover of the business operations of Southwest Equipment, Golden Equipment and Wilbur Sportswear to the Trustee;

C.   For an Order directing that Southwest Equipment, Golden Equipment, Mark Pike, Wilbur Davis and Davis Sportswear and its respective officers, directors, agents, representatives, shareholders, and employees, and all other persons with actual or constructive knowledge of said Order and their agents and employees, except AZBT, shall take such actions and turn over documents to the Trustee in accordance with the provisions set forth hereinabove and incorporated by reference herein;

1   D.  For Plaintiffs' fees and costs incurred herein;

2   E.  For interest thereon at the highest rate allowable by law until paid in full; and

3   F.  For such other and further relief as the Court deems just and proper.

4

5   **DATED** this 14th day of April, 2010.

6
                                              **LANE & NACH, P.C.**
7

8

9                                             By  /s/ Allison M. Lauritson
                                                      Michael P. Lane
10                                                    Allison M. Lauritson
                                                      2025 North Third Street
11                                                    The Brookstone – Suite 157
                                                      Phoenix, Arizona 85004
12                                                    Attorneys for Dale D. Ulrich, Trustee

13                                            **ENGELMAN BERGER, P.C.**

14

15                                            By  /s/ Scott B. Cohen w/ permission
                                                      Scott B. Cohen
16                                                    Scott W. Hulbert
                                                      3636 North Central Avenue, Suite 700
17                                                    Phoenix, Arizona 85012
                                                      Attorneys for Arizona Bank & Trust
18

19

20

21

22

23

24

25

26

27

**EXHIBIT 1**

**VERIFICATION**

I, Dale D. Ulrich, hereby declare under penalty of perjury as follows:

That I am the duly appointed Trustee in this Chapter 7 bankruptcy case, which was commenced on May 29, 2008 when Debtor filed a Chapter 11 petition and which case converted to Chapter 7 on September 21, 2009. I am a Plaintiff in this lawsuit and I have the authority to make this Verification on behalf of the bankruptcy Estate; that I have read the *Complaint for Alter Ego, Successor Liability, Turnover, to Avoid and Recover Fraudulent Transfers and Fraudulent Conveyances, to Avoid Post Petition Transfers of Assets of the Bankruptcy Estate and Conversion and Application for Temporary Restraining Order and Preliminary Injunction Pursuant to 11 U.S.C. §105 and F.R.B.P. Rule 7065* in the matter and know the contents thereof; and that the same are true to the best of my own personal knowledge, except as to those statements made therein upon information and belief, and as to those, I believe them to be true.

**DATED** this 14 day of April, 2010.

Dale D. Ulrich

21